James P. Keenley (State Bar No. 253106)
Brian H. Kim (State Bar No.  215492)
Emily A. Bolt (State Bar No. 253109)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| BARBARA GUERRA, | Case No.: |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| Board of Trustees of the UFCW-Northern California Employers Joint Pension Plan; UFCW Employers Benefit Plan of Northern California Group Administration, LLC | |
| Defendants. | |

## **INTRODUCTION**

1.    This case seeks redress for misrepresentations and other breaches of fiduciary duty by the Board of Trustees for, and the administrator of, the UFCW-Northern California Employers Joint Pension Plan (the "Plan").  Starting in June 2014, Plaintiff was repeatedly told by the Plan's administrative staff that she would be able to retire in November 2017, before reaching normal retirement age, and receive an unreduced monthly pension benefit if she worked continuously from that time pursuant to a provision in the Plan known that allowed such

retirements if a plan participant obtained 85 combined years of age and years of service, a benefit referred to herein as the "Rule of 85" pension.  Plaintiff relied on these representations in leaving more lucrative employment outside the Plan in order to work in covered employment from June 2014 to November 2014 for the specific purpose of accruing sufficient service credits to obtain a Rule of 85 pension.  Unfortunately, the Plan administrator's statements were false:  after Plaintiff left union employment, and before Plaintiff inquired about how to obtain a Rule of 85 pension, the Plan had been amended such that Plaintiff was not eligible for the Rule of 85 benefit.  As a consequence of the Plan administrator's misrepresentations, Plaintiff worked for more than four years at significantly reduced wages from what she was previously earning, and as a result has suffered significant financial harm.

## JURISDICTION

2.      Plaintiff brings this action for declaratory, injunctive, and equitable relief pursuant to section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3).  This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE AND INTRADISTRICT ASSIGNMENT

3.      Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

4.      This case should be assigned to the San Francisco / Oakland Division because the acts and omissions giving rise to the claim occurred within Contra Costa County, where the Plan is administered.

## PARTIES

5.      At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

6.      At all relevant times, the Defendant Board of Trustees of the UFCW-Northern California Employers Pension Plan (the "Trustees") was a fiduciary of the Plan within the meaning of ERISA § 3(21)(A) and § 402(a)(2); 29 U.S.C. §§ 1102(21)(A), 1102(a)(2).

7.      At all relevant times the Defendant UFCW Employers Benefit Plan of Northern California Group Administration, LLC ("Defendant LLC") was a limited liability company organized in California for the purpose of providing administrative services to the Trustees and the Plan.  In performing its function as an administrative services provider, Defendant LLC exercised discretionary authority or control with respect to the management of the Plan, and as such was at all relevant times a fiduciary within the meaning of ERISA § 3(21)(A).

## FACTS

8.      Plaintiff Barbara Guerra has worked in the grocery industry since 1981 and has been a member of UFCW for more than 33 years.  During this time she worked primarily as a clerk for various grocery stores in northern California.

9.      In December 2010, the location that Ms. Guerra was working at for the grocery company Delano's IGA closed for business.  Ms. Guerra was offered a part-time position at a store in Fairfax, California, which was three hours from her home and accordingly she was not able to take that position.

10.     Unable to find new union employment near her home, Ms. Guerra took a withdrawal card from the union and engaged in employment outside the grocery industry, this employment yielded a higher income for Ms. Guerra than her grocery industry work, but it did not include retirement or other benefits of union employment.

11.     In June 2014, Ms. Guerra was offered a job by another grocery chain, Harvest Market, the employment was in a union position covered by the UFCW-Northern California Employers Joint Pension Plan.  But, it only paid $14.51 per hour, whereas Ms. Guerra's employment outside the grocery industry averaged between $22 and $23 per hour.

12.     Accordingly, Ms. Guerra's decision to undertake employment for Harvest Market hinged on its effect on her retirement benefits.  In June 2014, Ms. Guerra called the Plan's

administrative offices and specifically asked how the Harvest Market job would change her

pension benefits, if at all.   During the June 2014 phone call Ms. Guerra expressly asked whether

she could obtain eligibility for the Plan's "Rule of 85" pension, under which retirees who have

obtained combined age and years of service equal to 85 can retire before normal retirement age

without and receive an unreduced pension, instead of receiving an actuarially reduced pension on

account of the early retirement.  Ms. Guerra was specifically informed by the Plan's

administrative staff, who are, on information and belief, employees of Defendant LLC, that she

would be eligible for a Rule of 85 pension in November 2017.

13.     The plan administrator's representations during the June 2014 phone call were

incorrect at the time they were made. On or around January 1, 2012, the Plan eliminated the Rule

of 85 pension for any plan participant who had a break in service in 2012 or later.  Because of

this plan amendment, Ms. Guerra was not eligible to receive a Rule of 85 pension in June 2014

and never could recover that eligibility.

14.     Ms. Guerra would not have taken the Harvest Market job if she had been

informed in June 2014 that she could not obtain a Rule of 85 pension under any circumstance.

The wages from that employment were significantly below her wages outside the grocery

industry, and the effect of the additional service credits on her normal retirement pension was

negligble.  The only reason Ms. Guerra returned to work in union employment was to accrue

enough service credits to obtain a Rule of 85 pension.

15.     Ms. Guerra reasonably relied on the plan administrator's verbal representation

that she could obtain a Rule of 85 pension if she worked continuously from June 2014 to

November 2017 because that representation is consistent with the written terms of the Plan that

describe the Rule of 85 benefit.  A plan participant who consulted the section of the Plan

defining the Rule of 85 benefit in June 2014 would not be able to discern that the Rule of 85

benefit had been eliminated for some participants by Plan amendment because the effective SPD

at that time dated to 2010, prior to the amendments at issue.  Ms. Guerra, who had withdrawn

from union employment at the time of the amendments, was not notified of the plan amendments

in any way, and thus reasonably relied on the plan administrator's express statement that she could receive a Rule of 85 benefit in undertaking employment to earn the additional service credits necessary to obtain that benefit.

16.     Ms. Guerra repeatedly called the plan's administrative offices between June 2014 and August 2017 to obtain verbal confirmation that she was accruing service towards her Rule of 85 pension and that she would be able to claim that pension benefit in November 2017, and each time she received this confirmation.  Each of these confirmations was a misrepresentation of the Plan terms.

17.     Plaintiff, on information and belief, alleges that the reason the plan's administrative staff repeatedly told her, incorrectly, that she could earn a Rule of 85 benefit is that the Plan's administrative software did not provide the staff with crucial information necessary to determine whether a particular Plan participant had lost the ability to obtain a Rule of 85 due to a break in service and Defendant LLC failed to train its staff persons to make the relevant inquiries that were necessary to make that determination.

18.     In August 2017, Ms. Guerra initiated the process to apply for her Rule of 85 pension benefit effective November 2017 and requested an estimate of her pension benefits.  On November 29, 2017, Ms. Guerra received a letter notifying her that she had sufficient credits to obtain a Rule of 85 pension but that due to her break in service she could no longer obtain the pension as it had been eliminated for her and similarly situated plan participants in the 2012 amendments.

19.     On December 20, 2017, Ms. Guerra appealed the denial of her Rule of 85 pension, and her appeal was denied.  She has made numerous attempts to resolve this matter with the Plan's administrative staff, without success.  Accordingly, to the extent her claims so require, Plaintiff has exhausted her administrative remedies under the Plan.

## FIRST CLAIM FOR RELIEF
**[Claim for Breach of Fiduciary Duty Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3) against All Defendants]**

20.     Plaintiff incorporates Paragraphs 1 through 19 as though fully set forth herein.

21.     ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), permits a plan participant to bring a civil action to obtain equitable relief for, among other things, breaches of fiduciary duty by plan fiduciaries.

22.     The Plan provides support to plan participants by, among other methods, offering a phone number and officer hours during which Plan participants can call the Plan's administrative offices to obtain information about their benefits over the phone.  Defendant Board of Trustees was the named fiduciary of the Plan and as such owed Plaintiff, and all other Plan participants a duty to ensure that the Plan was administered according to its terms and in the best interest of Plan participants, and that duty includes the responsibility to ensure that the Plan's administrative staff provide accurate information to plan participants who call into the Plan's administrative offices.

23.     Defendant Board of Trustees breached that fiduciary duty by failing to ensure that the Plan's administrative staff had access to information and training necessary to answer Ms. Guerra's questions about her eligibility for a Rule of 85 pension benefit.  As a result of this breach, the Plan's administrative staff gave Ms. Guerra inaccurate information about the Plan terms, and she in turn relied on those representations in leaving better paying non-union employment for union employment on the express understanding that she could accrue enough service to obtain a Rule of 85 pension.

24.     Defendant LLC, on information and belief, employs the staff who respond to participant questions about the Plan and, in particular, the employees who made misrepresentations to Ms. Guerra about the terms of the Plan.  Defendant LLC is contracted with Plan to provide these administrative services and, in so doing, Defendant LLC performs a fiduciary function by exercising discretionary authority and control over the management of the Plan.  Defendant LLC breached its duty to perform that function to the standards expected of administrative fiduciaries by failing to ensure that its employees had adequate information and training to answer questions about the Rule of 85 pension, including, specifically, the employees

who made misrepresentations in response to Ms. Guerra's question about the Rule of 85 benefit.

25.     The employees who answer participant questions over the phone are performing those duties as the agents of Defendant Board of Trustees and Defendant LLC, and in answering questions are performing a fiduciary act on behalf of Defendant Board of Trustees and Defendant LLC and are under a duty to make accurate representations regarding the Plan terms.

26.     Plaintiff reasonably relied on the misrepresentations about her Rule of 85 benefit because she was not notified of the 2012 plan amendments, and the operative plan SPD at the time of her inquiries with the Plan's administrative staff did not set forth the relevant terms from those amendments for her to review in the SPD itself, instead these amendments could only be accessed as supplementary materials to the SPD.  Plaintiff did not know to specifically inquire about Plan amendments that might not be reflected in the main text of the Plan's SPD, and she reasonably relied on the Plan offering a telephone line and office hours specifically for the purpose of answering participant questions about their benefits as an offer that the Plan's administrative staff would provide accurate information about the Plan terms including, especially, eligibility or lack thereof for valuable early retirement benefits.

27.     As a proximate result of these breaches of fiduciary duty, Plaintiff left higher paying employment in June 2014 and worked for more than three years in low wage employment to earn pension service credits towards an early retirement benefit that should could not obtain, which has caused her significant financial losses in the form of lost wages from her higher paying work without any attendant benefit in the form of better pension benefits from the Plan.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A.     Declare that Defendants violated their fiduciary duties by misrepresenting the Plan terms and failing to ensure that administrative staff had proper training and access to information necessary to provide Plaintiff with accurate information about her pension benefits;

B.     Order that the Board of Trustees modify the Plan's records to reflect that Plaintiff did not have a break in service that caused her to lose her eligibility for the Rule of 85

1  benefit;

2              C.     In the alternative to item B, impose an equitable surcharge on Defendants

3  to compensate Plaintiff for the financial losses she suffered in reliance on Defendants'

4  misrepresentations and other breaches of fiduciary duty;

5              D.     Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant

6  to ERISA § 502(g), 29 U.S.C. § 1132(g);

7              E.     Provide such other relief as the Court deems equitable and just.

8

9                                   Respectfully submitted,

10 Dated:  November 20, 2018          BOLT KEENLEY KIM LLP

11
                                     By: /s/ *James P. Keenley*
12                                        James P. Keenley
                                          Attorneys for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28